IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM L. HICKEY,<br>    on behalf of himself and all<br>    others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>**VERIZON COMMUNICATIONS, INC.**,<br>    a Delaware corporation,<br><br>            Defendant. | Case No.:<br><br>Jury Trial Demanded |

## CLASS ACTION ERISA COMPLAINT

Plaintiff William L. Hickey ("Hickey" or "plaintiff"), by and through undersigned counsel, upon the best of his personal knowledge, information and belief, formed after an inquiry reasonable under the circumstances, alleges as follows:

### INTRODUCTION

1.  It is the settled law in this jurisdiction that employers may not discriminate by offering preferred health benefits they offer those persons who retire before reaching age 65 ("early retirees") over the health benefits they offer to those who retire upon their 65th birthday ("Medicare eligible retirees"). *This does not mean that these health benefit packages must be identical.* But if the benefit packages are not identical, and if the Medicare eligible retirees receive benefits inferior to the early retirees, then the employer is guilty of illegal age discrimination under the Age Discrimination in Employment Act ("ADEA") unless:

    • the benefits are provided at "equal cost" to the employer; or

- the benefits provide "equal coverage" as between the early retirees and the Medicare eligible retirees.

2. Defendant Verizon Communications, Inc. ("Verizon") violates this requirement and does not qualify for either of the two exceptions. *This Complaint asserts that the ERISA benefits Verizon provides to Medicare eligible retirees are impermissibly inferior to those it provides early retirees.* Verizon spends significantly less money per Medicare eligible retiree than it spends per early retiree, meaning the "equal cost" exception is not met. Further, the benefits provided to Medicare eligible retirees confer inferior coverage than the coverage extended to early retirees, and thus the "equal coverage" exception is unavailable, as well.

3. Accordingly, Verizon's ERISA-governed health care benefit packages violate federal age discrimination statutes. It is the burden of this case that (a) the structure of Verizon's benefit package discriminates against Medicare eligible retirees in violation of the ADEA, and (b) to design a benefit package that violates federal discrimination statutes is itself a breach of fiduciary duty under ERISA. Plaintiff addresses both prongs of this burden in this Complaint.

4. Through this lawsuit, Hickey, on his own behalf and on behalf of all others similarly situated, seeks to remedy this violation of federal age discrimination statutes through the appropriate remedies available under ERISA. Specifically, Hickey seeks:

- a declaration that Verizon's retiree health care benefit package as currently formulated is violative of federal age discrimination laws;

- an order requiring Verizon to amend its ERISA-governed benefit plan to conform with federal law;

- an order requiring Verizon to pay for those charges incurred by Medicare eligible retirees that would have been covered had the charges been incurred by early retirees; and

- an order requiring Verizon to pay as restitution those charges it collected from Medicare eligible retirees in excess of the amounts Verizon charged to early retirees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction via 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

6. Venue is proper in this district under 29 U.S.C. §1132 (e)(2) because Verizon is incorporated in Delaware, with its registered agent located at 1209 Orange Street, Wilmington, DE, also within this judicial district.

7. In conformity with ERISA requirements, plaintiff has served this Complaint, by registered mail, on the Secretaries of Treasury and Labor.

## PARTIES

8. Plaintiff resides in Warwick, Rhode Island. He worked for 26 years for Verizon. Hickey retired in 1992 at age 53. He was covered under Verizon's early retiree benefit plan until 2004, when he turned 65 and was transferred by Verizon to its Medicare eligible retiree benefit plan.

9. Verizon Communication, Inc. is a Delaware corporation, with its registered office located in Delaware, and a significant number of subsidiaries and/or division officers and employees located here. Verizon is the nation's largest wireline and wireless telecommunication provider, with 2004 revenues of $71 billion. Verizon currently employs about 210,000 persons. In this Complaint, the definition of "Verizon" specifically includes the defendant and all subsidiary, predecessor and successor entities to which these allegations pertain.

10. Verizon offers four types of health plans for Medicare eligible retirees. Verizon describes the programs as "options for participants who are Medicare-eligible."

11. These Medicare-eligible offerings are:

- a home care network;

3

- an HMO;
- a PPO;
- an indemnity option; or
- no coverage at all.

12. Each plan assumes that Medicare will also cover the participant for health care expenses. Accordingly, each plan assumes that the participant is enrolled in Medicare Parts A and B whether or not they are in fact enrolled.

13. All proposed class members have, or will, elect coverage through one of the first four options listed above.

14. The named plaintiff was covered by Verizon's Medicare-eligible HMO program.

## BACKGROUND

15. It is unlawful under the ADEA (29 U.S.C. §623(a)(1)) for an employer

- to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age, or
- to limit, segregate, or classify employees in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

16. Hickey and all absent class members are "individuals" as that term is used in the statute.

17. Verizon is their "employer" as the term is used in the statute. See 29 U.S.C. §§ 630 (b), (f)("The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees..." "The term 'employee' means an individual employed by any employer ...").

18. The phrase "compensation, terms, condition, or privileges of employment" is explicitly defined to include "all employee benefits." 29 U.S.C. §630 (*l*). Thus, employee

4

benefits include the health care coverage that a retired person receives from his or her former employer. See Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193, 209 (3rd Cir. 2000)("[T]he ordinary meaning of the term 'employee benefit' should be understood to encompass health coverage and other benefits which a retired person receives from his or her employer.").

19.     To become eligible for the Medicare eligible plans, Hickey and class members had but a single requirement - they had to be eligible for Medicare.

20.     Thus, there is a "but-for" causal relationship between Medicare eligibility - which is a proxy for age - and placement in Verizon's Medicare eligible health benefit plans. Verizon has thus implemented an age-based criterion in the qualification of Medicare eligible retirees in these health care plans. E.g., Erie, 220 F.3d at 211 ("Medicare eligibility follows ineluctably upon attaining age 65. Thus, Medicare status is a direct proxy for age.")(internal quote marks, brackets and citations omitted).

21.     Verizon, however, is not in violation of the ADEA if the plans it offers fit within either the "equal benefit" or "equal cost" exceptions. 29. U.S.C. § 623(f)(2)(B)(i).

22.     Under the "equal benefit" test, Verizon's Medicare eligible plan is exempt from liability if – including the Medicare benefits – it provides benefits to Medicare eligible retirees that are equal to the health care benefits offered early retirees. Erie, 220 F.3d at 216.

23.     Verizon's Medicare eligible plans do not provide equal benefits for at least two reasons. First, Medicare eligible retirees are required to pay a greater proportion of the total cost of their health insurance premiums than do early retirees. That is true because Medicare eligible retirees pay the premium for their health care coverage. See Erie County Retirees Ass'n v. County of Erie, 140 F. Supp.2d 466, 474 (W.D. Pa. 2001)("The practical effect of the

requirement is that Plaintiffs are made to bear a greater proportion of the total cost of their health insurance premiums than younger retirees covered under the traditional indemnity plan. As stated previously, 29 C.F.R. § 1625.10(d)(4)(ii) expressly prohibits such a disproportionate structure.")

24. Second, Verizon has capped its annual contributions to support Medicare eligible retirees health care at the following levels:

- $4,600 for one retiree
- $9,200 for a retiree plus one beneficiary
- $13,800 for a retiree plus family.

These levels are much lower than comparable caps for early retirees:

- $8,450 for one retiree
- $16,900 for a retiree plus one beneficiary
- $21,120 for a retiree plus family.

25. Accordingly, Verizon's Medicare eligible retirees receive much less coverage than Verizon's early retirees. Thus, it cannot satisfy the "equal benefit" exception. 29 C.F.R. § 1625.10.

26. Similarly, Verizon cannot meet the "equal cost" exception. As shown above, the plan for Verizon's general retirees costs Verizon slightly more than half of what it costs to fund its early retiree health care coverage.

## CLASS ALLEGATIONS

27. Plaintiff brings this case on his own behalf and on behalf of the following class:

All Verizon Medicare eligible retirees (and their family member beneficiaries) who retired any time within six years of the commencement of this action at age 65 or older and are/were enrolled in one or more of Verizon's Medicare eligible health care plans.

28. Excluded from this class are those Medicare eligible retirees who have not selected any health care covering plan offered by Verizon. Also excluded from the class are those persons who are eligible for Medicare for reasons other than their age.

29. All class members share an interest in challenging Verizon's discriminatory health care plan formulation.

30. The plaintiff will fairly and adequately represent the class. The plaintiff is a member of the class, has no interest antagonistic to the members of the class, and has retained lawyers experienced in class action litigation to prosecute his case.

31. The class is large, numbering at least into the hundreds. Accordingly, joinder is impracticable.

32. Nevertheless, the class is large enough to render individual treatment unmanageable. Most of the relevant information, *e.g.*, the identity of the class members, is known by Verizon.

33. Pursuant to Fed. R. Civ. P.23(a)(2), there are questions of law or fact common to both classes, including but not limited to:

   a. Do the Verizon retiree health benefit plans, as currently formulated, violate the ADEA?

   b. Are plaintiffs entitled to be reimbursed for their extra expenses (both in unpaid benefits and overcharged premiums) that are attributable to Verizon's benefit plan for Medicare eligible retirees?

   c. Are class members entitled to injunctive relief?

34. The claims of plaintiff are typical of the claims of each member of the class, and are based on and arise out of identical facts.

35. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation. Plaintiff will fairly and adequately represent the interests of the members of the class.

36. The prosecution of separate actions by individual members of the class would create a risk of establishing incompatible standards of conduct for Verizon.

37. Verizon's actions are generally applicable to the class as a whole, and plaintiff seeks equitable remedies with respect to the class as a whole.

38. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.

## COUNT I

39. Plaintiff repeats and incorporates by reference all paragraphs of this complaint as if fully set forth.

40. Plaintiff's first claim is brought under 29 U.S.C. §1132 (a)(3).

41. Plaintiff's first claim is for breach of fiduciary duty under ERISA. It arises due to Verizon's design and implementation of a benefit package for its Medicare eligibile retirees that was inferior to those benefits offered to early retirees and thus violated federal age discrimination statutes.

42. Under this count, plaintiff, on his own behalf and on behalf of the class he seeks to represent, seeks to be reimbursed by Verizon for all those costs for which he became personally liable (such as copayments, premiums and costs in excess of Verizon's annual contributions) that would have been Verizon's obligation to pay had plaintiff been covered under Verizon's early retiree health benefit plans. Put another way, plaintiff seeks to require Verizon to

reprocess his claims as though he was an early retiree and seeks reimbursement for those costs that Verizon would have covered if he was an early retiree, but for which he was liable because he was a Medicare eligible retiree.

43. In addition, plaintiff seeks to recover costs and attorneys' fees as provided by 29 U.S.C. §1132 (g), and prejudgment interest as afforded by law.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

**WHEREFORE,** plaintiff prays for the following:

A. An order certifying the class described above with the named plaintiff as the class representative;

B. A declaration that Verizon's Medicare eligible benefit plans as currently formulated violate federal age-discrimination statutes;

C. An order that requires Verizon to redesign its retiree benefit plans so that they comply with federal age discrimination statute;

D. An order requiring Verizon to pay for all costs for which plaintiff and the class became personally liable (such as copayments, premiums and costs in excess of Verizon's annual contributions) and that would have been Verizon's obligation to pay had plaintiff and the class been covered under Verizon's early retiree health benefit plans;

E. An order requiring Verizon to disgorge the profits it made on the benefits improperly withheld;

F. An order requiring Verizon to pay plaintiff's attorneys' fees and other costs reasonably incurred in this litigation;

G.  All other relief the Court deems fair and equitable.

Respectfully submitted,

Dated: October 20, 2005        By:  /s/ Kevin Gross
Kevin Gross (DE Bar No. 209)
**ROSENTHAT, MONHAIT,
GROSS & GODDESS, P.A.**
919 North Market Street
Suite 1401
Wilmington, DE 19899
(302) 656-4433
(302) 658-7567

Jordan M. Lewis
Wood R. Foster Jr.
**SIEGEL, BRILL, GREUPNER,
DUFFY & FOSTER, P.A.**
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 814-9322
(215) 814-9323 (facsimile)

Peter N. Wasylyk
**LAW OFFICES OF
PETER N. WASYLYK**
1304 Chalkstone Avenue
Providence, RI 02908
(401) 831-7730
(401) 801-6064 (facsimile)

**ATTORNEYS FOR PLAINTIFF**