IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM L. HICKEY,<br>      on behalf of himself and all<br>      others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>VERIZON COMMUNICATIONS INC.,<br>      a Delaware corporation,<br><br>                Defendant. | Case No.: 05-735-JJF |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

                                              Jennifer Gimler Brady (Del. Bar 2874)
                                              POTTER ANDERSON & CORROON LLP
                                              Hercules Plaza, Sixth Floor
                                              1313 North Market Street
                                              P.O. Box 951
                                              Wilmington, Delaware 19899-0951
                                              (302) 984-6042 – Telephone
                                              (302) 658-1198 – Facsimile
                                              jbrady@potteranderson.com – Email

                                              *Attorneys for Defendant, Verizon*
                                              *Communications Inc.*

OF COUNSEL:

Jeffrey G. Huvelle, Esquire
Elizabeth R. Jungman, Esquire
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000 – Telephone
(202) 662-6291 – Facsimile
jhuvelle@cov.com – Email
ejungman@cov.com - Email

Dated: December 5, 2005

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF NATURE AND STAGE OF PROCEEDING ............................................. 1

SUMMARY OF ARGUMENT ............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

I.     A CLAIM UNDER ERISA FOR BREACH OF FIDUCIARY
       DUTY CANNOT BE BASED ON AN ALLEGED ERROR IN
       PLAN DESIGN. .......................................................................................... 3

II.    AN ALLEGED VIOLATION OF THE ADEA DOES NOT
       STATE A CLAIM FOR RELIEF UNDER ERISA § 502(A)(3). ............... 6

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Bennett v. Conrail Matched Sav. Plan Admin. Committee*, 168 F.3d 671 (3d Cir. 1999) .................................................................................................................. 4

*Cort v. Ash*, 422 U.S. 66 (1975) ............................................................................ 7

*Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94 (2d Cir. 1999) ................. 9

*Erie County Retirees Ass'n v. County of Erie*, 220 F.3d 193 (3d Cir. 2000) ... 2, 9

*Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155 (3d Cir. 1990) .................. 4, 5

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999) ............................. *passim*

*Lockheed Corp. v. Spink*, 517 U.S. 882 (1996) ................................................ 4, 6

*Marshall v. Lauriault*, 372 F.3d 175 (3d Cir. 2004) ........................................... 3

*Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) ............................ 6, 7

*Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993) ................................................... 7

*Oatway v. American Int'l Group, Inc.*, 325 F.3d 184 (3d Cir. 2003) ................. 3

*Painters of Phila. Dist. Council No. 21 v. Price Waterhouse*, 879 F.2d 1146 (3d Cir. 1989) ........................................................................................................ 7

*Shaw v. Delta Airlines*, 463 U.S. 85 (1983) ................................................ 4, 8, 9

*Tompkins v. United Health Care of New Eng., Inc.*, 203 F.3d 90 (1st Cir. 2000) ... 9

*Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979) ...................................... 7

*Trenton v. Scott Paper Co.*, 832 F.2d 806 (3d Cir. 1987) ................................... 8

### STATUTES AND RULES

29 U.S.C. § 621 .................................................................................................... 1

29 U.S.C. § 626(d) ............................................................................................... 8

29 U.S.C. § 1001 ............................................................................................................... 1

29 U.S.C. § 1104(a)(1) ..................................................................................................... 8

29 U.S.C. § 1105 ............................................................................................................... 8

29 U.S.C. § 1106 ............................................................................................................... 8

29 U.S.C. § 1132(a) .......................................................................................................... 9

29 U.S.C. § 1132(a)(3) ............................................................................................. 1, 6, 7

29 U.S.C. § 1144(d) .......................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 3, 9

Defendant Verizon Communications Inc. ("defendant" or "Verizon") submits this brief in support of its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff brings his civil complaint under § 502(a)(3), 29 U.S.C. § 1132(a)(3), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff's complaint was filed on October 5, 2005, and was served on October 20. Apart from a stipulation relating to the time for responding to the complaint, this brief, together with the motion, are defendant's initial filings in this matter.

## SUMMARY OF ARGUMENT

Plaintiff alleges that Verizon violated its fiduciary duties under ERISA, because it designed a retiree health care plan that, assertedly in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, differentiates between retirees based on their eligibility for health care benefits under Medicare. As explained further below, plaintiff's claim fails for two independent reasons: (1) an employer does not act as a fiduciary under ERISA when it makes decisions as to the design of a benefit plan, and the decisions of an employer as to plan design therefore cannot constitute a breach of fiduciary duties under ERISA; and (2) even if plaintiff's claim challenged the actions of a fiduciary, ERISA § 502(a)(3) authorizes an action only where the acts or practices allegedly violate Title I of ERISA or the terms of the benefit plan, and an alleged violation of the ADEA therefore does not state a claim under ERISA § 502(a)(3) for which relief can be granted.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, the allegations of the complaint are taken as the relevant facts.

Plaintiff William L. Hickey is a resident of Rhode Island and a former employee of Verizon. (Compl., ¶ 8.) He has received retiree health care from Verizon since he retired from the company in 1992 at age 53. (*Id.*, ¶ 8.) Verizon's health care plan for retirees is integrated with Medicare, *i.e.*, the plan provides one set of options to retirees who are below age 65 and not eligible for health care benefits under Medicare and a different set of health care options for retirees who are Medicare eligible. (*Id.*, ¶¶ 10-12, 19-26.) In accordance with these plan provisions, when plaintiff Hickey turned age 65 in 2004 and became eligible for Medicare, he was transferred to a health care plan for Medicare-eligible retirees. (*Id.*, ¶ 8.)

The complaint asserts that it is "settled law in this jurisdiction" that an employer "is guilty of illegal age discrimination" under the ADEA if it offers preferred health benefits to early retirees over the benefits offered to Medicare eligible retirees. (*Id.*, ¶ 1.) This settled law, the complaint explains, is based on *Erie County Retirees Ass'n v. County of Erie*, 220 F.3d 193, 209 (3d Cir. 2000). (Compl., ¶¶ 18, 20, 22-23.)

The complaint alleges that Verizon is an employer subject to the ADEA's prohibition on age discrimination and that Verizon's ERISA-governed health care benefit plan for retirees violates the ADEA. (*Id.*, ¶¶ 3, 17, 41.) The very "structure" of Verizon's benefit package "discriminates against Medicare eligible retirees in violation of the ADEA." (*Id.* at ¶¶ 3, 41.)

The complaint does not assert a claim against Verizon under the ADEA, however, instead setting forth a single claim under ERISA § 502(a)(3). "It is the burden

- 2 -

of this case," the complaint states, that "to design a benefit package that violates federal discrimination statutes is itself a breach of fiduciary duty under ERISA." (*Id.*, ¶ 3.) Plaintiff seeks relief under ERISA § 502(a)(3), including a declaration that "Verizon's retiree health care benefit package as currently formulated" violates the ADEA and an order requiring Verizon "to amend" or "redesign" its ERISA-governed benefit plan to comply with the ADEA. (*Id.*, ¶ 4, and prayer for relief at p. 9.)

## ARGUMENT

In reviewing a motion to dismiss for failure to state a claim, the Court must accept the factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *Marshall v. Lauriault*, 372 F.3d 175, 179 (3d Cir. 2004); *Oatway v. American Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003). Under this standard, Verizon's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be granted for two independent reasons: (1) since an employer does not act as a fiduciary under ERISA when it makes decisions as to the design of a benefit plan, the employer's decisions as to plan design cannot constitute a breach of fiduciary duty under ERISA and (2) a complaint alleging a violation of the ADEA does not state a claim under ERISA § 502(a)(3) for which relief can be granted.

### I.  A CLAIM UNDER ERISA FOR BREACH OF FIDUCIARY DUTY CANNOT BE BASED ON AN ALLEGED ERROR IN PLAN DESIGN.

The complaint alleges that Verizon violated its fiduciary duties under ERISA because the design of its retiree health care plan impermissibly differentiates between retirees based on their eligibility for Medicare. These allegations do not sustain a viable claim under ERISA for breach of fiduciary duty.

ERISA does not require employers to offer employee benefit plans, *Shaw v. Delta Airlines*, 463 U.S. 85, 91 (1983), and those employers that choose to offer them "are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999) (internal quotation marks and citations omitted). For this reason, an employer acts as a fiduciary only in matters of plan management or administration, not in matters concerning the plan's design or amendment. *Hughes Aircraft Co.*, 525 U.S. at 444; *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996); *Bennett v. Conrail Matched Sav. Plan Admin. Comm.*, 168 F.3d 671, 679 (3d Cir. 1999); *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 (3d Cir. 1990). In accordance with this Supreme Court precedent, this Circuit recognizes that "ERISA permits employers to wear two hats, one as plan administrator, the other as plan sponsor" and that "[f]iduciary duties attach to the actions of employers only when and to the extent that they function in their capacity as plan administrators[.]" *Bennett*, 168 F.3d at 679 (internal quotation marks and citations omitted).

The rule that employers do not act as fiduciaries when making decisions about plan design is "rooted in the text" of ERISA's functional definition of a fiduciary. *Spink*, 517 U.S. at 890 (citing 29 U.S.C. § 1002(21)(A)). Under this definition, fiduciary duties "attach not just to particular persons, but to particular persons performing particular functions." *Hozier*, 908 F.2d at 1158. Thus, because the functions outlined in ERISA's definition of fiduciary "do not include plan design," employers may adopt, modify, or terminate benefit plans without being subject to fiduciary review. *Spink*, 517 U.S. at 890; *see also Hughes Aircraft Co.*, 525 U.S. at 444 (noting that an employer's

- 4 -

decision that "concerns the composition or design of the plan itself ... does not implicate the employer's fiduciary duties"). Removing any doubt as to the breadth of this rule, the Supreme Court in *Hughes Aircraft* referred to "*Spink*'s holding that, *without exception*, plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." *Hughes Aircraft Co.*, 525 U.S. at 445 (internal quotations and citations omitted) (emphasis added).

This Circuit has long recognized that plan design decisions are not subject to breach of fiduciary duty claims. Even before *Spink*, this Circuit made "an explicit holding" that an employer's decision as to the structure of an employee benefit plan "is unconstrained by the fiduciary duties that ERISA imposes on plan administration" and that an employer amending a plan "could not" breach any fiduciary duty because, in so doing, the employer "simply was not acting as an ERISA fiduciary." *Hozier*, 908 F.2d at 1162. The court in *Hozier* reasoned that if fiduciary duties attached to decisions about plan design, employers would have to make decisions about what benefits to offer "solely with the interests of the covered employees in mind." *Id.* at 1159. This would create the absurd result that employers, who are not required to provide benefits in the first place, could not narrow or eliminate benefits once they adopted benefits plans. *Id.* at 1159-60. Even before the Supreme Court explicitly proclaimed as much, the Third Circuit recognized that this result "is patently inconsistent with ERISA's language, structure, and legislative history." *Id.* at 1160.

Here, the complaint candidly acknowledges that plaintiff is challenging "the structure" of Verizon's retiree health care plan – namely, the plan provisions differentiating between retirees based on Medicare eligibility – and that it is "the burden

of this case" that "to design" such a plan violates the fiduciary duties imposed by ERISA. (Compl., ¶ 3.) But this claim must fail because it flies in the face of the Supreme Court's repeated admonition that ERISA's fiduciary duty provisions "simply [are] not implicated" when an employer "makes a decision regarding the form or structure of the Plan such as who is entitled to receive Plan benefits and in what amounts, or how such benefits are calculated." *Hughes Aircraft Co.*, 525 U.S. at 444; *Spink*, 517 U.S. at 890. Accordingly, plaintiff's claim for breach of fiduciary duty under ERISA § 502(a)(3) is defective as a matter of law.

## II. AN ALLEGED VIOLATION OF THE ADEA DOES NOT STATE A CLAIM FOR RELIEF UNDER ERISA § 502(A)(3).

Even if the complaint challenged actions taken by a fiduciary, plaintiff's claim should be dismissed because ERISA § 502(a)(3) does not provide a cause of action for claims based on alleged violations of other federal statutes.

ERISA is a "comprehensive and reticulated statute" with an "interlocking, interrelated, and interdependent remedial scheme" found in the "six carefully integrated enforcement provisions" in § 502(a). *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (internal quotation marks and citations omitted). Among these provisions is ERISA § 502(a)(3), which authorizes civil actions,

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan[.]

- 6 -

29 U.S.C. § 1132(a)(3). Thus, actions under ERISA § 502(a)(3) may be brought only where the complaint alleges (1) acts or practices that violate "any provision of this title," or (2) acts or practices that violate "the terms of the plan." *Id.*

Nothing in the text of ERISA § 502(a)(3) provides any basis for bringing a claim under section 502(a)(3) based on an allegation that the acts or practices of a plan sponsor violate the ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII"), or any other federal discrimination statute. When a statute does not expressly provide for a particular cause of action, that cause of action may not be implied unless there is evidence that Congress intended to provide the cause of action. *See Russell*, 472 U.S. at 145 ("unless . . . congressional intent [to provide an implied private cause of action] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy does not exist") (internal quotation marks and citations omitted); *Cort v. Ash*, 422 U.S. 66, 78 (1975); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979).

As the Supreme Court has recognized, ERISA's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 254 (1993) (quoting *Russell*, 473 U.S. at 146-47) (emphasis in original). Consequently, the Court has expressed "unwillingness to infer causes of action in the ERISA context[.]" *Mertens*, 508 U.S. at 254; *see also Painters of Philadelphia Dist. Council No. 21 v. Price Waterhouse*, 879 F.2d 1146, 1152 (3d Cir. 1989) (citing *Russell*'s discussion of the comprehensive remedial structure of ERISA § 502(a) as evidence that extending the available remedies would be contrary to the

legislative history and the purpose of ERISA); *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir. 1987) (same, rejecting appellants' claim that they had an implied cause of action to enforce Title II of ERISA).

There is no evidence that Congress intended to allow plaintiffs to use ERISA's fiduciary provisions to enforce the ADEA or any other federal discrimination statute. As the Supreme Court has observed, ERISA "does not itself proscribe discrimination in the provision of employee benefits." *Shaw*, 463 U.S. at 91. The duties imposed on fiduciaries are thoroughly cataloged in ERISA's text, ERISA §§ 404(a)(1), 405, 406, 29 U.S.C. § 1104(a)(1), 1105, 1106, and they do not include an obligation to comply with other federal statutes such as the ADEA or Title VII. *Id.*

In fact, there is further evidence that Congress did not intend ERISA to provide an enforcement mechanism for other federal statutes. The statute's text states that ERISA does not "alter, amend, modify, invalidate, impair or supersede" other federal statutes. ERISA § 514(d); 29 U.S.C. § 1144(d). Allowing ERISA to be used as a vehicle to enforce other federal statutes would contravene this provision by allowing litigants to circumvent the specific procedures that are part of those federal statutes, including the ADEA. For example, the ADEA requires aggrieved employees to file claims with the Equal Employment Opportunity Commission before they can bring claims in court. ADEA § 7(d), 29 U.S.C. § 626(d). This ADEA requirement would be subverted, contrary to ERISA § 514(d), if litigants were permitted to use ERISA's fiduciary provisions to pursue ADEA claims, and thereby by-pass the ADEA's specific requirements.

Unlike state law causes of action which are pre-empted insofar as they relate to an ERISA plan, other federal statutes that relate to an ERISA plan co-exist with ERISA as independent sources of legal rules. *See Erie County Retirees Ass'n*, 220 F.3d at 217 (permitting claim under ADEA with respect to benefit plan), *Shaw*, 463 U.S. at 91, 101-06 (clarifying that sex discrimination claims under Title VII may be asserted with respect to terms of benefit plan); *see also Tompkins v. United Health Care of New Eng., Inc.*, 203 F.3d 90, 96-97 (1st Cir. 2000) (applying the reasoning in *Shaw* to practices prohibited under the Americans with Disabilities Act); *Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 100-01 (2d Cir. 1999) (applying the reasoning in *Shaw* to practices prohibited under the ADEA). Claims that arise under federal discrimination statutes, such as the ADEA, must be brought in accordance with those laws; enforcement via ERISA is neither necessary nor permitted.

ERISA § 502(a) delineates the possible causes of action available to private litigants seeking to bring civil suits; ERISA§ 502(a)(3) permits suit only with respect to acts or practices that allegedly violate Title I of ERISA or the terms of the plan. 29 U.S.C. § 1132(a). Here, the complaint does not allege either that Verizon has violated any provision of Title I of ERISA or that the terms of its retiree health care plan violate any provision of Title I of ERISA. Plaintiff cannot graft onto ERISA a prohibition on discrimination simply by asserting, without support, that the obligations of a fiduciary include compliance with federal statutes prohibiting employment discrimination. The allegation that the plan does not comply with the ADEA therefore does not state a viable claim under ERISA § 502(a)(3), and the Court should therefore dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated, defendant requests that the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

POTTER ANDERSON & CORROON LLP

By *[signature]*
Jennifer Gimler Brady (Del. Bar 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6042 – Telephone
(302) 658-1198 – Facsimile
jbrady@potteranderson.com – Email

*Attorneys for Defendant, Verizon Communications Inc.*

OF COUNSEL:

Jeffrey G. Huvelle, Esquire
Elizabeth R. Jungman, Esquire
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000 – Telephone
(202) 662-6291 – Facsimile
jhuvelle@cov.com – Email
ejungman@cov.com - Email

Dated: December 5, 2005
PA&C-709961v1

**CERTIFICATE OF SERVICE**

I, Jennifer Gimler Brady, hereby certify this 5th day of December, 2005, that the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

>Kevin Gross, Esquire
>Rosenthal, Monhait, Gross & Goddess
>Mellon Bank Center, Suite 1401
>P.O. Box 1070
>Wilmington, Delaware 19899-1070

>_/s/ Jennifer Gimler Brady_
>Jennifer Gimler Brady (No. 2874)
>Hercules Plaza – Sixth Floor
>1313 North Market Street
>Wilmington, DE 19801
>(302) 984-6042 (Telephone)
>(302) 658-1192 (Facsimile)
>jbrady@potteranderson.com (Email)