IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM L. HICKEY,<br>　　on behalf of himself and all<br>　　others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS INC.,<br>　　a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.: 05-735-JJF<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

|  |  |
|---|---|
|  | Jennifer Gimler Brady (Del. Bar 2874)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951<br>(302) 984-6042 – Telephone<br>(302) 658-1198 – Facsimile |
| OF COUNSEL: | jbrady@potteranderson.com – Email |
| Jeffrey G. Huvelle (admitted *pro hac vice*)<br>David H. Remes<br>Elizabeth R. Jungman (admitted *pro hac vice*)<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>(202) 662-6000 – Telephone<br>(202) 662-6291 – Facsimile | *Attorneys for Defendant Verizon Communications Inc.* |

Dated: January 30, 2006
PA&C-717351v1

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF NATURE AND STAGE OF PROCEEDING ....................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 2

I.   ERISA § 502(a)(1)(B) DOES NOT PROVIDE A CAUSE OF ACTION FOR
     BENEFITS BEYOND THOSE DUE UNDER THE TERMS OF A PLAN ........... 3

II.  ERISA § 502(a)(1)(B) DOES NOT PROVIDE A CAUSE OF ACTION FOR
     ALLEGED VIOLATIONS OF THE ADEA .......................................................... 5

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) .................................................................. 3

*Anderson v. Consolidated Rail Corp.*, 297 F.3d 242 (3d Cir. 2002) ..................................... 3

*Burstein v. Retirement Account Plan For Employees of Allegheny Health Education & Research Foundation*, 334 F.3d 365 (3d Cir. 2003) ............................................. 3

*Cort v. Ash*, 422 U.S. 66 (1975) ............................................................................................ 5

*Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir. 1995) ................................................. 4

*Erie County Retirees Association v. County of Erie*, 220 F.3d 193 (3d Cir. 2000) ............. 6

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) .................................................................. 2

*Hein v. FDIC*, 88 F.3d 210 (3d Cir. 1996) ............................................................................ 4

*Kemmerer v. ICI Americas Inc.*, 70 F.3d 281 (3d Cir. 1995) ............................................... 3

*Mass. Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985) ...................................... 4

*Mertens v. Hewitt Associate*, 508 U.S. 248 (1993) ............................................................... 5

*Painters of Phila. District Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146 (3d Cir. 1989) .................................................................................... 3, 5

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983) ............................................................ 5, 6

*Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir. 1992) ................................................. 4

*Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979) ....................................................... 5

*Trenton v. Scott Paper Co.*, 832 F.2d 806 (3d Cir. 1987) .................................................. 3, 5

## FEDERAL STATUTES

ADEA § 7(d), 29 U.S.C. § 626(d) .......................................................................................... 6

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................................ 1

ERISA § 514(a), 29 U.S.C. § 1144(a) .................................................................................... 5

ERISA § 514(d), 29 U.S.C. § 1144(d) .................................................................................... 6

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff is William L. Hickey, a Medicare-eligible Verizon retiree. Hickey seeks a declaration that Verizon's retiree health-care benefit plan discriminates against Medicare-eligible retirees in violation of the Age Discrimination in Employment Act ("ADEA"). He seeks an order requiring Verizon to amend or redesign the plan to bring its treatment of Medicare-eligible retirees into compliance with the ADEA.

Hickey seeks such relief under the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), which provides:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

Hickey filed his complaint on October 20, 2005 (Dkt. 1) and served Verizon on October 21, 2005 (Dkt. 2). On December 5, 2005, Verizon moved to dismiss Hickey's complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. 5-6.) On December 30, 2005, Hickey filed an amended complaint. (Dkt. 10.) Verizon now moves to dismiss Hickey's amended complaint for failure to state a claim.

## SUMMARY OF ARGUMENT

1. ERISA § 502(a)(1)(B) authorizes a plan participant or beneficiary to bring an action to recover "benefits due under the terms of his plan." Hickey's complaint must be dismissed because Hickey is seeking to recover *not* "benefits due under the terms of his plan" but benefits *beyond* the benefits due under the terms of his plan.

2. Hickey has brought this action under ERISA § 502(a)(1)(B) to remedy an alleged violation of the ADEA. Hickey's complaint must be dismissed because ERISA does not provide a cause of action for a violation of the ADEA.

## STATEMENT OF FACTS

Hickey is a resident of Rhode Island and a former employee of Verizon. (Compl., ¶ 8.) He retired from Verizon in 1992 at age 53 and thereupon began receiving retiree health care from Verizon. (*Id.* ¶ 8.)

Verizon's retiree health-care plan offers Medicare-*ineligible* retirees one set of health-care options and Medicare-*eligible* retirees another set of health-care options. (*Id.* ¶¶ 10-12, 19-26.) In accordance with these terms, when Hickey turned age 65 in 2004 and became Medicare-eligible, he was transferred to Verizon's health-care options for Medicare-eligible retirees. (*Id.* ¶ 8.)

Hickey alleges that Verizon's plan discriminates against Medicare-eligible employees on the basis of age in violation of the ADEA. (*Id.* ¶ 3.) Hickey, however, has brought this action under ERISA § 502(a)(1)(B), not under the ADEA.

## ARGUMENT

When considering a Rule 12(b)(6) motion, a court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. . . . A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho v. Fisher*, 423 F.3d 347, 350-51 (3d Cir. 2005) (citations and quotation marks omitted).

A motion to dismiss a § 502(a)(1)(B) claim will be granted if the plaintiff has failed to allege facts that, if accepted as true, would establish a violation of the statute. *See Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 252-53 (3d Cir. 2002) (inability to allege eligibility for benefits under the terms of the plan). A motion to dismiss will also be granted if a plaintiff seeks to assert under ERISA a cause of action not provided by ERISA. *See Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1151-52 (3d Cir. 1989); *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir. 1987).

### I. ERISA § 502(a)(1)(B) DOES NOT PROVIDE A CAUSE OF ACTION FOR BENEFITS BEYOND THOSE DUE UNDER THE TERMS OF A PLAN.

Hickey asserts that he has brought this action under § 502(a)(1)(B) for "enforcement of the plan." (Compl. ¶¶ 40-41.) The relief he seeks, however, is an order requiring Verizon "to *redesign* its retiree benefit plans" to comply with the ADEA. (Compl., p. 9, ¶ C.) To redesign a plan is to change it, not enforce it. § 502(a)(1)(B) authorizes actions to recover benefits due under a plan, not actions to redesign plans.

Relief under § 502(a)(1)(B) is available to a participant or beneficiary who seeks (1) to recover benefits due to him under the terms of his plan, (2) to enforce his rights under the terms of the plan, or (3) to clarify his rights to future benefits under the terms of the plan. This scheme is "relatively straightforward," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), providing a means of challenging violations of the terms of a plan, not the plan terms themselves.

"A pension plan is a unilateral contract which creates a vested right in those employees who accept the offer it contains by continuing in employment for the requisite number of years," *Kemmerer v. ICI Americas Inc.*, 70 F.3d 281, 287 (3d Cir. 1995) (cita-

tion omitted), and claims for ERISA plan benefits under § 502(a)(1)(B) "are contractual in nature," *Burstein v. Ret. Account Plan For Employees of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 381 (3d Cir. 2003). As the Seventh Circuit has explained:

> When someone raises a Section 502(a)(1)(B) claim, he or she is essentially asserting his or her contractual rights under an employee benefit plan. . . . And, the wrong that the person alleges in bringing such an action is that despite the fact that he or she has satisfied the conditions necessary for benefits under the plan, the defendant has failed to abide by the terms of the plan. Not surprisingly, this court has concluded that Section 502(a)(1)(B) claims are creatures of contract law.

*Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992) (citation omitted).

"Only the words of the Plan itself can create an entitlement to benefits." *Hein v. FDIC*, 88 F.3d 210, 215 (3d Cir. 1996). "On its face, a suit 'to recover benefits due . . . under the terms of [the] plan' is concerned *exclusively* with whether or not the benefits due *under the plan* were actually provided." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 357 (3d Cir. 1995) (emphases added) (quoting § 502(a)(1)(B) (ellipses and alteration in original)). *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985).

Hickey does not allege that he has been denied benefits due under the terms of his plan or seek enforcement of his rights under the terms of the plan. Instead, Hickey alleges that the benefits due Medicare-eligible retirees under the terms of his plan are inadequate – because they are, he alleges, "inferior" to the benefits due Medicare-ineligible retirees under the terms of his plan. Far from asserting his right to benefits under the terms of his plan, Hickey is asserting a right to benefits beyond those provided by the terms of his plan. Hickey therefore has not stated a claim under ERISA § 502(a)(1)(B).

## II. ERISA § 502(a)(1)(B) DOES NOT PROVIDE A CAUSE OF ACTION FOR ALLEGED VIOLATIONS OF THE ADEA.

Hickey seeks an order requiring Verizon "to redesign its retiree benefit plans so that they comply with the federal age discrimination statutes." (Compl., p. 9, ¶ C.) ERISA § 502(a)(1)(B), however, does not provide a cause of action for violations of the ADEA, and such a cause of action may not be implied.

When a statute does not expressly provide for a particular cause of action, that cause of action may not be implied unless there is evidence that Congress intended to provide it. *See Russell*, 472 U.S. at 145; *Cort v. Ash*, 422 U.S. 66, 78 (1975); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). ERISA's "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (citation and quotation marks omitted) (emphasis in original). Consequently, the Supreme Court has expressed "unwillingness to infer causes of action in the ERISA context." *Id.* at 254; *see also Painters of Philadelphia*, 879 F.2d at 1152; *Scott Paper*, 832 F.2d at 810.

"ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983). The duties imposed under ERISA do not include an obligation to comply with other federal statutes such as the ADEA or Title VII. *Id.* Moreover, ERISA § 514(d) provides that ERISA does not "alter, amend, modify, invalidate, impair or supersede" other federal statutes. 29 U.S.C. § 1144(d). Allowing ERISA to be used as a vehicle to enforce other federal statutes would contravene this provision by allowing litigants to circumvent the specific procedures that are part of those

- 6 -

federal statutes. For example, the ADEA requires aggrieved employees to file claims with the Equal Employment Opportunity Commission before they can bring claims in court. ADEA § 7(d), 29 U.S.C. § 626(d). This requirement would be impaired if litigants were permitted to use ERISA's fiduciary provisions to pursue ADEA claims.

Unlike state-law causes of action, which are preempted insofar as they "relate to" an ERISA plan, ERISA § 514(a), 29 U.S.C. § 1144(a), federal statutes that relate to an ERISA plan coexist with ERISA as independent sources of legal rules. *See Shaw*, 463 U.S. at 91, 101-06 (clarifying that sex discrimination claims under Title VII may be asserted with respect to terms of benefit plan); *Erie County Retirees Ass'n v. County of Erie*, 220 F.3d 193, 217 (3d Cir. 2000) (ADEA claims). Claims arising under federal discrimination statutes must be brought in accordance with those statutes. Such claims may not be brought under ERISA.

## CONCLUSION

For the reasons stated, the motion to dismiss should be granted.

POTTER ANDERSON & CORROON LLP

By /s/ Jennifer Gimler Brady
Jennifer Gimler Brady (Del. Bar 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6042 – Telephone
(302) 658-1198 – Facsimile
jbrady@potteranderson.com – Email

*Attorneys for Defendant Verizon Communications Inc.*

OF COUNSEL:

Jeffrey G. Huvelle (admitted *pro hac vice*)
David H. Remes
Elizabeth R. Jungman (admitted *pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000 – Telephone
(202) 662-6291 – Facsimile

Dated: January 30, 2006
PA&C-717351v1

- 7 -

## CERTIFICATE OF SERVICE

I, Jennifer Gimler Brady, hereby certify this 30th day of January, 2006, that the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Kevin Gross, Esquire
> Rosenthal, Monhait, Gross & Goddess
> Mellon Bank Center, Suite 1401
> P.O. Box 1070
> Wilmington, Delaware 19899-1070

> Jennifer Gimler Brady (No. 2874)
> Hercules Plaza – Sixth Floor
> 1313 North Market Street
> Wilmington, DE 19801
> (302) 984-6042 (Telephone)
> (302) 658-1192 (Facsimile)
> jbrady@potteranderson.com (Email)