IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM L. HICKEY,<br>    on behalf of himself and all<br>    others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br>    a Delaware corporation,<br><br>                            Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 05-735-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Re:  Docket Nos. 12 & 13**<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

                                                  ROSENTHAL, MONHAIT, GROSS
                                                  & GODDESS, P.A.
                                                  Kevin Gross (DE Bar I.D. #209)
                                                  919 North Market Street, Suite 1401
                                                  Wilmington, Delaware 19899
                                                  (302) 656-4433

OF COUNSEL:

Jordan M. Lewis, Esquire
Siegel, Brill, Greupner, Duffy Foster, P.A.
1845 Walnut Street
24th Floor
Philadelphia, PA  19103

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. ii

STATEMENT OF THE NATURE AND STATE OF THE PROCEEDING ............. 1

   A. Nature Of These Proceedings ................................................................................ 1

   B. State Of These Proceedings ................................................................................... 3

SUMMARY OF ARGUMENT ....................................................................................... 3

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT .................................................................................................................... 4

   A. Legal Standard ........................................................................................................ 4

   B. Summary of Plaintiff's Legal Theory ................................................................... 4

   C. Summary of Verizon's Arguments ....................................................................... 6

   D. Hickey's Claims Arise Under ERISA .................................................................. 6

   E. ADEA And ERISA Claims Overlap .................................................................... 7

   F. Hickey States A *Prima Facie* Claim For Plan Reformation ............................. 8

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alston v. Parker,*
  363 F.3d 229 (3rd Cir. 2004) .................................................................................................. 10

*Aramony v. United Way of America,*
  949 F. Supp. 1080 (S.D.N.Y. 1996) .......................................................................................... 9

*Carollo v. Cement and Concrete Workers District Council Pension Plan,*
  964 F. Supp. 677 (E.D.N.Y. 1997) ........................................................................................... 9

*Caterpillar Inc. v. Williams,*
  482 U.S. 386 (1987) .................................................................................................................. 8

*Delgrosso v. Spang and Co.,*
  769 F.2d 928 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1140 (1986) ...................................... 10

*De Pace v. Matsushita Elec. Corp. of America,*
  257 F. Supp.2d 543 (E.D.N.Y. 2001) .................................................................................... 10

*DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund,*
  975 F. Supp. 258 (S.D.N.Y. 1997) ......................................................................................... 10

*Erie County Retirees Ass'n v. County of Erie,*
  220 F.3d 193 (3rd Cir. 2000), *remanded,*
  140 F. Supp.2d 466 (W.D. Pa. 2001) .................................................................................... 4, 5

*Evancho v. Fisher,*
  423 F.3d 347 (3rd Cir. 2005) ................................................................................................... 4

*Hazen Paper Co. v. Biggins,*
  507 U.S. 604 (1993) .................................................................................................................. 8

*Hogan v. Metromail,*
  107 F. Supp.2d 459 (S.D.N.Y. 2000) ....................................................................................... 8

*Iwans v. Aetna Life Ins. Corp.,*
  855 F. Supp. 579 (D. Conn. 1994) ........................................................................................ 10

*Johnson v. Allsteel, Inc.,*
  259 F.3d 885 (7th Cir. 2001) .................................................................................................... 9

*Kiefer v. Ceridian Corp.,*
  976 F. Supp. 829 (D. Minn. 1997) ........................................................................................... 8

Case 1:05-cv-00735-JJF   Document 15   Filed 02/24/2006   Page 4 of 16

*McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund,*
  2001 WL 1154630 (S.D.N.Y. October 1, 2001), *aff'd in relevant part, vacated
  in part, remanded,* 320 F.2d 151 (2nd Cir. 2003) ............................................................. 10

*Saridakis v. United Airlines,*
  166 F.3d 1272 (9th Cir. 1999) ............................................................................................ 7

*Vizcaino v. Microsoft Corp.,*
  120 F.3d 1006 (9th Cir. 1997) *cert. denied,* 522 U.S. 1098 (1998) ................................... 7

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 4, 10

29 U.S.C. § 1002(32) ......................................................................................................... 5

29 U.S.C. § 1003(b)(1) ...................................................................................................... 5

29 U.S.C. § 1132(a)(1)(B) ......................................................................................... 6, 8, 9

29 U.S.C. § 1132(a)(3) ............................................................................................. 6, 8-10

iii

# STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

## A. Nature Of These Proceedings

In its description of the litigation, Verizon asserts that plaintiff William Hickey "seeks a declaration"[1] that its Medicare eligible retiree health plan violates the Age Discrimination in Employment Act because it is inferior to the plan offered early retirees. Verizon repeats this synopsis, that the goal of Hickey's lawsuit is that he seeks a declaration that the plan violates the ADEA, at least four other times in its 6-page brief.

While that characterization is not completely unfair because Hickey's third paragraph in the Amended Complaint's "Wherefore" clause provides as such, plainly, that is not the thrust of this litigation. Hickey seeks damages, *in the form of ERISA health care benefits,* that were denied him because of Verizon's illegally-designed health care package. Thus, within the Amended Complaint, Hickey seeks:

- "an order requiring Verizon to pay for those charges incurred by Medicare eligible retirees that would have been covered had the charges been incurred by early retirees;"[2]

- "an order requiring Verizon to pay as restitution those charges it collected from Medicare eligible retirees in excess of the amounts charged to early retirees;"[3]

- to certify a class "who sought [ERISA] benefits for medical services in one or more of Verizon's Medicare eligible health care plans;"[4]

- to certify a class linked by common questions that include whether "[p]laintiff and class members [are] entitled to be reimbursed for their extra expenses (both in unpaid benefits and overcharged premiums) that are attributable to Verizon's benefit plan for Medicare-eligible retirees;"[5]

---

[1] Verizon Br. at 1.
[2] **Amended Complaint, ¶ 4.**
[3] *Id.*
[4] *Id.,* ¶ 27.
[5] *Id.* at ¶ 33.

1

- "to be reimbursed by Verizon for all those costs for which he became personally liable (such as copayments, premiums and costs in excess of Verizon's annual contributions) that would have been Verizon's obligation to pay had plaintiff been covered under Verizon's early retiree health benefit plans;"[6]

- "to require Verizon to reprocess his claims as though he was an early retiree and seeks reimbursement for those costs that Verizon would have covered if he was an early retiree, but for which he was held responsible because he was a Medicare eligible retiree;"[7]

- to "[r]equir[e] Verizon to pay for all costs for which plaintiff and the class became personally liable ... that would have been Verizon's obligation to pay had plaintiff and the class been covered under Verizon's early retiree health benefit plans;"[8] and

- to "[r]equir[e] Verizon to disgorge the profits it made on the benefits improperly withheld."[9]

These are all ERISA remedies. To be sure, and as forthrightly explained in the Amended Complaint, Hickey's ERISA claims are premised on his theory that (1) Verizon's Medicare eligible retiree health plan violates the ADEA and (2) the Court, with that finding, has the power to order Verizon to reform the plan so that it conforms with federal law. But with those determinations made, the "damages" consist of the ERISA-governed health care benefits to which Hickey and the class are properly entitled.

There is a reason that Verizon emphasizes Hickey's requested "declaration" but makes no mention *at all* of the ERISA-governed health care benefits that he seeks. Apparently for tactical reasons, Verizon wants (beginning in its introductory "Statement" section) to color Hickey's lawsuit as an ADEA case entirely, without any recovery at all available under ERISA. As discussed below, Verizon's thesis, upon which its motion is premised, is incorrect.

---

[6] *Id.* at ¶ 43.
[7] *Id.*
[8] *Id.* at "Wherefore" clause at ¶ D.
[9] *Id.* at ¶ E.

B.  **Stage Of These Proceedings**

Verizon correctly describes the procedural posture of this case.

## SUMMARY OF ARGUMENT

1.  Verizon's underlying premise is false. Plaintiff's claims do not arise under the ADEA; they arise under ERISA. The claims focus on plaintiff's ERISA plans, the damages consist entirely of ERISA benefits to which Hickey is properly entitled.

2.  There are a variety of federal cases providing a participant may assert a *prima facie* claim under ERISA to reform a plan to make it conform to federal law. Hickey's claim fits within that framework.

## STATEMENT OF FACTS

William Hickey, a Warwick, RI resident, worked 26 years for Verizon, retiring in 1992 at the age of 53. He was covered under Verizon's ERISA-governed early retiree health care plan until 2004, when he turned 65 and was transferred by Verizon to its Medicare eligible retiree benefit plan.[10]

Verizon is a Delaware corporation with its registered office located in Delaware. It offered four types of health care benefit plans for what it calls "Medicare eligible" retirees. These options are: a home care network; an HMO; a PPO; and an indemnity option. *Each of these plans assumes that Medicare will also cover the retiree for health care expenses. Accordingly, each plan assumes that the retiree is enrolled in Medicare Parts A and B whether or not they are in fact enrolled.*[11]

---

[10] **Amended Complaint, ¶¶ 3, 5, 8.**
[11] *Id.* **at ¶¶ 11-12.**

3

Hickey is now covered by Verizon's Medicare eligible HMO program.[12] This plan provides coverage inferior to that received by early retirees for two reasons: First, Hickey pays the premiums for his Medicare coverage. "The practical effect of the requirement is that Plaintiffs are made to bear a greater proportion of the total cost of their health insurance premiums than younger retirees covered under the traditional indemnity plan."[13] Second, Verizon's "annual contributions" to support Hickey's health care is little more than half of its annual contributions supporting early retirees.[14]

## ARGUMENT

### A.  Legal Standard

Verizon's motion is brought under the familiar authority of Fed. R. Civ. P. 12(b)(6). Accordingly, the Court shall accept as true all allegations in the Amended Complaint and all reasonable inferences that can be drawn from those allegations, viewing them in the light most favorable to Hickey. Verizon's motion should be granted only if it appears to a certainty that no relief could be granted under any set of facts that could be proved.[15]

### B.  Summary Of Plaintiff's Legal Theory

This action follows (Hickey believes logically) in the wake of the Third Circuit's *Erie County Retirees Ass'n v. County of Erie*[16] decision. In *Erie*, the Third Circuit – reversing the trial court – held that the ADEA applied to Medicare eligible retirees whose health care coverage was allegedly inferior to the health coverage their employer offered to retired employees who were not eligible for Medicare. The Third Circuit engaged in a straightforward statutory analysis

---

[12] *Id.* at ¶ 14.
[13] *Id.* at ¶ 23 (quoting Erie County Retirees Ass'n v. County of Erie, 140 F. Supp.2d 466, 474 (W.D. Pa. 2001)).
[14] *Id.* at ¶ 24.
[15] *See, e.g.* Evancho v. Fisher, 423 F.3d 347, 351 (3rd Cir. 2005).
[16] 220 F.3d 193 (3rd Cir. 2000).

and concluded that the ADEA covered the employer (Erie County), the retirees, and the benefits at issue.[17] The Third Circuit then concluded that there was a "but for" causal relationship between age and eligibility for the Erie County retirement health benefit plan. "Medicare eligibility follows ineluctably upon attaining age 65. Thus, Medicare status is a direct proxy for age."[18]

On remand from the Third Circuit, the trial court concluded that the Erie County Medicare eligible health care plan did not fit within either of the ADEA's "equal benefit" or "equal cost" exceptions, granting plaintiffs' motion for summary judgment on liability and denying the defendant's cross-motion.[19]

While *Erie* obviously provides the controlling template for this litigation, there is one critical difference. *Erie* involved a health care plan provided to Erie County retirees, and that made it exempt from ERISA. The ERISA statute expressly exempts from its otherwise pervasive reach any "governmental plan,"[20] which the statute defines as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."[21]

Thus, the *Erie County* retirees had no choice. The only claim they could bring was under the ADEA, and their damages – consisting of the health care benefits to which they were entitled – could only be described under the ADEA. As discussed below, Hickey is in a different place. His case involves an ERISA plan, all his damages – consisting of the health care benefits to which he was legally entitled – can only be described under ERISA.

---

[17] *Id.* at 209 ("[T]he ordinary meaning of the term 'employee benefit' should be understood to encompass health coverage and other benefits which a retired person receives from his or her employer.").
[18] *Id.* at 211.
[19] *Erie County Retirees Ass'n v. County of Erie*, 140 F. Supp.2d 466 (W.D. Pa. 2001).
[20] 29 U.S.C. § 1003(b)(1).
[21] 29 U.S.C. § 1002(32).

5

C.  **Summary Of Verizon's Arguments**

Verizon divides its brief into two sections, though in fact it presents the same argument in both. In the first section, Verizon argues that Hickey has no claim under 29 U.S.C. § 1132(a)(1)(B), the statute under which Hickey has asserted his claim in the Amended Complaint. In the brief's second section, without citing a single case or statute to this effect, Verizon declares that "[c]laims arising under federal discrimination statutes must be brought in accordance with those statutes."[22] Given that Verizon has *already* filed with the Court a now-mooted brief that argued Hickey had no claim under 29 U.S.C. § 1132(a)(3) – the only other claim available to ERISA participants – it is apparent that both of Verizon's arguments stand for the same proposition – it argues that Hickey has no claim under ERISA.

D.  **Hickey's Claims Arise Under ERISA**

Verizon cleverly frames the issue in this case as a means of attempting to finesse analysis entirely. Verizon asserts that the issue here is whether claims that arise under federal discrimination statutes must be brought in accordance with those statutes.[23] Framed in that manner, the answer seems obvious.

But the problem is that Hickey's claim does not arise under federal discrimination statutes. It arises under ERISA. There is no disputing that all roads here arise under the ERISA statute. Hickey is an ERISA participant. His claims focus entirely on his ERISA health care benefits. And his "damages" are those ERISA benefits that were not calculated in conformity with federal law.

No doubt, that federal law is the ADEA, but that fact does not somehow convert Hickey's claim into something other than ERISA.

---

[22] Verizon 1/30/06 Br. at 6.
[23] *Id.*

The situation is, at minimum, analogous to that before the Ninth Circuit in *Vizcaino v. Microsoft Corp.*,[24] where workers at Microsoft brought ERISA claims contending that they had been denied various ERISA benefits because they were improperly classified as independent contractors, and not employees. In succeeding on their ERISA claim, the workers first had to demonstrate that their status, to which they signed off in writing, was a mutual mistake requiring reformation of that contract. The workers prevailed: "They did sign agreements, which declared that they were independent contractors, but at best that declaration was due to a mutual mistake ..."[25]

And with that mistake demonstrated, the workers were entitled to ERISA benefits. The fact that they had to first show that their agreed-to status was a mistake did not convert their underlying claim from an ERISA action to a claim brought under the common law of contract reformation. It was the first step, but – with the mutual mistake demonstrated – the workers were still required to bring an ERISA claim, and to recover ERISA benefits.

The *Vizcaino* analysis parallels this case, with the only difference being that – rather than showing common law mutual mistake – Hickey must show that Verizon's plans violate the ADEA. But as *Vizcaino* demonstrates, that required threshold showing does not convert his ERISA claim into something else.

E.   **ADEA And ERISA Claims Overlap**

Though Verizon does not expressly so state, it appears that, at the heart of its argument, it contends that the possibility of ADEA liability *precludes* liability under ERISA.[26] That is, however, dead wrong. Federal courts consistently recognize considerable overlap between the

---

[24] 120 F.3d 1006 (9th Cir. 1997), *cert. denied*, 522 U.S. 1098 (1998).
[25] *Id.* at 1012.
[26] *See, e.g., Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999)("[T]he preemption doctrine per se does not govern questions relating to the compatibility of two or more federal laws ... [The preclusion inquiry] centers on congressional intent.").

7

two statutes. "*Hazen* [*Paper Co. v. Biggins*[27]]" and related cases, as well as ERISA itself, clearly establish that a party can raise both federal statutes in the same complaint, and that each is to be considered on its own merits."[28] Hickey, who, as plaintiff, is the master of his complaint,[29] is within his right to choose to assert only the ERISA claim, as long as he states a *prima facie* claim. And, as discussed below, he does.

F.    **Hickey States A *Prima Facie* Claim For Plan Reformation**

Hickey has brought a claim under 29 U.S.C. § 1132 (a)(1)(B). That statute permits Hickey (whose status as an ERISA plan participant is not challenged by Verizon) to sue:

- to recover benefits due to hum under the terms of his plan,
- to enforce his rights under the terms of the plan,
- ***or to clarify his rights to future benefits under the terms of the plan.***

The final prong, highlighted above, has been used by federal courts to order a plan administrator to reform an ERISA plan upon a showing that the plan violates federal law, which is all that Hickey seeks. Consider, for example, *Kiefer v. Ceridian Corp.*,[30] where a group of former ERISA employees challenged their employer's reformulated pension plan, which, they argued, violated federal law. The court held that plaintiffs stated a viable claim under § 1132(a)(1)(B), even dismissing their § 1132(a)(3) claim because "[p]laintiffs have available appropriate relief under § 1132(a)(1)(B) and seek no additional relief arising out of Defendants' alleged breach of duty."[31]

---

[27] 507 U.S. 604 (1993).
[28] *Hogan v. Metromail,* 107 F. Supp.2d 459, 473 (S.D.N.Y. 2000).
[29] *E.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 399 (1987).
[30] 976 F. Supp. 829 (D. Minn. 1997).
[31] *Id.* at 844.

8

The court in *Aramony v. United Way of America*[32] adopted a similar approach. In *Aramony*, the court denied the motion to dismiss plaintiff's § 1132(a)(1)(B) claim, then dismissed his claim under § 1132(a)(3) because it duplicated the other, and then denied the motion to dismiss the plaintiff's reformation claim. The court held:

> [P]laintiff alleges that his retirement benefit plans are controlled by ERISA and pleads for reformation under ERISA and federal common law. The question of whether reformation is appropriate may be resolved either by the terms of ERISA itself, by federal common law, or by state law if the statute leaves the issue open and no federal common law exists. Defendants' motion to dismiss is denied…[33]

That reformation claim *must* have been brought under § 1132(a)(1)(B) because the court had already dismissed the § 1132(a)(3) claim.

*Carollo v. Cement and Concrete Workers District Council Pension Plan*[34] came to the same result in resolving a statute of limitations argument. In *Carollo*, the ERISA plan participant plaintiff argued that the plan's changed rules concerning benefit accrual violated the statute, and, among other things, challenged the amendment via a claim brought under § 1132(a)(1)(B). The court was asked to resolve that claim's statute of limitation, and it held that "the present action seeks reformation of the Plan and recalculation of Carollo's benefits, and is sufficiently analogous to an action to recover benefits to warrant application of the six-year limitations period…"[35]

In *Johnson v. Allsteel, Inc.*[36] the Seventh Circuit reversed a trial court's dismissal of an ERISA participant's claim, brought under § 1132 (a)(1)(B) and premised on a plan amendment

---

[32] 949 F. Supp. 1080 (S.D.N.Y. 1996).
[33] *Id.* at 1085 (citations omitted).
[34] 964 F. Supp. 677 (E.D.N.Y. 1997).
[35] *Id.* at 688-89.
[36] 259 F.3d 885 (7th Cir. 2001).

9

whose enactment the participant contended violated ERISA. The Seventh Circuit held that the participant's claim, as expressed, satisfied Article III standing requirements.

Hickey believes that his claim is properly asserted under § 1132(a)(1)(B), but he fully concedes that other courts have accepted similar claims under different ERISA sections, and should the Court conclude that Hickey has chosen the wrong ERISA section, specifically requests the right to replead to conform to the Court's ruling.[37] Thus, in *Iwans v. Aetna Life Ins. Corp.*,[38] the court agreed that plaintiff had stated an ERISA claim for breach of fiduciary duty under § 1132 (a)(3) "based on the narrow issue of whether the application of the plan violates federal law (ADEA)…" The Third Circuit, in *Delgrosso v. Spang and Co.*[39] affirmed a trial court finding that an employer had breached its fiduciary obligations under § 1132(a)(3) by amending its pension plan in a manner forbidden by the plan itself, and further ordering that the plan be reformed to correct the breach. The court in *DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund*[40] concluded that a plan design violated ERISA's accrual provisions and that, under § 1132(a)(3), could seek reformation. (The court further held that it could not itself do the reformation, but could order the reform). Similarly, reformation was held available as an equitable remedy under § 1132 (a)(3) in both *De Pace v. Matsushita Electric Corp. of America*[41] and in *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund.*[42] The point of these cases is that Hickey's claim fits within the established framework of ERISA participants who seek to reform their plans under the ERISA statute.

---

[37] *E.g., Alston v. Parker,* 363 F.3d 229, 236 (3rd Cir. 2004)(reversing trial court, holding that plaintiff subject to motion under Fed. R. Civ. P. 12(b)(6) should be given leave to amend "unless a curative amendment would be inequitable, futile, or untimely.").
[38] 855 F. Supp. 579, 583 (D. Conn. 1994).
[39] 769 F.2d 928 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1140 (1986).
[40] 975 F. Supp. 258, 267 (S.D.N.Y. 1997).
[41] 257 F. Supp.2d 543 (E.D.N.Y. 2003).
[42] 2001 WL 1154630 (S.D.N.Y. Oct. 1, 2001).

## CONCLUSION

Hickey has stated a *prima facie* claim. Federal courts recognize that a claim for plan reformation is available under ERISA where the plan fails to live up to federal law. Verizon should be required to answer.

Dated: February 24, 2006

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

By: _____
Kevin Gross (DE Bar I.D. #209)
919 North Market Street, Suite 1401
Wilmington, Delaware 19899
Tel: (302)656-4433
Fax: (302)658-7567
kgross@rmgglaw.com

OF COUNSEL:

Jordan M. Lewis, Esquire
Siegel, Brill, Greupner, Duffy, Foster, P.A.
1845 Walnut Street
24th Floor
Philadelphia, PA 19103

11

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 24th day of February, 2006, I caused a copy of the foregoing to be served upon the following persons by first class mail:

Elizabeth R. Jungman, Esquire
Jeffrey G. Huvelle, Esquire
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 200004-2401

Jennifer Gimler Brady, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

_____
Kevin Gross