# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

WILLIAM L. HICKEY,
            on behalf of himself and all
            others similarly situated,

            Plaintiff,

    v.

VERIZON COMMUNICATIONS INC.,
            a Delaware corporation,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  05-735-JJF

JURY TRIAL DEMANDED

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Jennifer Gimler Brady (Del. Bar 2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6042 – Telephone
(302) 658-1198 – Facsimile
jbrady@potteranderson.com – Email

OF COUNSEL:

*Attorneys for Defendant Verizon
Communications Inc.*

Jeffrey G. Huvelle (admitted *pro hac vice*)
David H. Remes
Elizabeth R. Jungman (admitted *pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000 – Telephone
(202) 662-6291 – Facsimile

Dated:  March 7, 2006
PA&C-722573

## **TABLE OF CONTENTS**

Page

ARGUMENT ................................................................................................................ 1

CONCLUSION .............................................................................................................. 3

## TABLE OF AUTHORITIES

### CASES

*Aramony v. United Way*, 949 F. Supp. 1080 (S.D.N.Y. 1996) ............................................................ 2

*California Public Employees' Retirement System v. Chubb Corp.*,
    394 F.3d 126 (3d. Cir. 2004) ........................................................................................................ 2

*Carollo v. Cement & Concrete Workers District Council Pension Plan,*
    964 F. Supp. 677 (E.D.N.Y. 1997) .............................................................................................. 2

*Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) ......................................................................... 1

*Johnson v. Allsteel, Inc.*, 259 F.3d 885 (7th Cir. 2001) ............................................................. 1, 2

*Kiefer v. Ceridian Corp.*, 976 F. Supp. 829 (D. Minn. 1997) ......................................................... 2

*Krantz v. Prudential Invest. Fund Mgt. LLC*, 305 F.3d 140 (3d Cir. 2002) .................................... 2

*Painters of Phil. District Council No. 21 Welfare Fund v. Price Waterhouse,*
    879 F.2d 1146 (3d Cir. 1989) ....................................................................................................... 1

*Trenton v. Scott Paper Co.*, 832 F.2d 806 (3d Cir. 1987) ............................................................... 1

*Vizcaino v. Microsoft Corp.*, 120 F.3d 1006 (9th Cir. 1997) .......................................................... 1

### STATUTES

§ 502(a)(1) ....................................................................................................................................... 2

§ 502(a)(1)(B) ................................................................................................................................. 1

§ 502(a)(3) ....................................................................................................................................... 2

## ARGUMENT

Hickey seeks recovery from Verizon under ERISA § 502(a)(1)(B) on the ground that the design of Verizon's retiree medical plan violates the Age Discrimination in Employment Act ("ADEA"). As Verizon has explained in support of its motion to dismiss, ERISA § 502(a)(1)(B) does not permit Hickey to seek recovery from Verizon based on the design of its plan, and ERISA does not provide a cause of action for a violation of the ADEA.

Hickey has not shown any flaw in Verizon's motion. Hickey does not claim that Verizon has denied him benefits to which he *is* entitled under the terms of Verizon's plan; he claims that Verizon has denied him benefits to which he claims he *would* have been entitled if, in his view, the plan had been lawfully designed. Hickey simply ignores the case law demonstrating that ERISA § 502(a)(1)(B) does not permit such a claim. (*See* Def.'s Mem at 4.)

Nor does Hickey address the case law establishing that a cause of action may not be implied under ERISA for violations of federal anti-discrimination statutes. (*See id.* at 5-6.) He cites *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993), for the proposition that claims under ERISA and the ADEA must be considered separately (Pl.'s Opp. at 8), but that is precisely why his claim of an ADEA violation does not state a cognizable claim under ERISA.

Hickey notes that his prayer for relief demands additional benefits under an ERISA-governed plan. (*Id.* at 1-2.) But the mere fact that Hickey seeks *relief* under ERISA does not mean that he has stated a *claim* under ERISA upon which relief can be granted. *See Painters of Phil. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*,

879 F.2d 1146, 1151-53 (3rd Cir. 1989); *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3rd Cir. 1987).

The cases cited by Hickey do not support his claim. In *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006 (9th Cir. 1997), the plaintiffs asserted that they were entitled to benefits under the terms of the plan – not those of a redesigned plan. In *Johnson v. Allsteel, Inc.*, 259 F.3d 885 (7th Cir. 2001), and *Kiefer v. Ceridian Corp.*, 976 F. Supp. 829 (D. Minn. 1997), the plaintiffs claimed that benefits due under the terms of the plans had been denied on the basis of a plan amendment that was adopted in violation of the terms of the plan (*Johnson*) or that itself violated ERISA (*Kiefer*). *Carollo v. Cement & Concrete Workers Dist. Council Pension Plan*, 964 F. Supp. 677 (E.D.N.Y. 1997), involved a claim under ERISA § 502(a)(3), not ERISA § 502(a)(1). And in *Aramony v. United Way*, 949 F. Supp. 1080 (S.D.N.Y. 1996), the court only rejected the defendants' argument that the plaintiff's claim for plan reformation asserted a state-law claim preempted by ERISA, holding that whether reformation was appropriate was to be decided under ERISA and federal common law. The court did not decide that question.

Hickey requests leave to amend his amended complaint to assert a claim under ERISA § 502(a)(3) if the Court dismisses his claim under ERISA § 502(a)(1). (Pl.'s Opp. at 10.) But Hickey asserted his claim under ERISA § 502(a)(1) only because Verizon moved to dismiss his original complaint for failure to state a claim under ERISA § 502(a)(3). He should not be given a third chance to state a claim. *See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 166 (3d Cir. 2004); *Krantz v. Prudential Invest. Fund Mgt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

**CONCLUSION**

Defendant Verizon's Motion to Dismiss should therefore be granted.

POTTER ANDERSON & CORROON LLP

By _Sarah E. DiLuzio (4085)_ for

   Jennifer Gimler Brady (Del. Bar 2874)
   Hercules Plaza, Sixth Floor
   1313 North Market Street
   P.O. Box 951
   Wilmington, Delaware 19899-0951
   (302) 984-6042 – Telephone
   (302) 658-1198 – Facsimile
   jbrady@potteranderson.com – Email

OF COUNSEL:

Jeffrey G. Huvelle (admitted *pro hac vice*)
David H. Remes
Elizabeth R. Jungman (admitted *pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000 – Telephone
(202) 662-6291 – Facsimile

*Attorneys for Defendant Verizon Communications Inc.*

Dated:  March 7, 2006
PA&C-722573

- 3 -

**CERTIFICATE OF SERVICE**

I, Jennifer Gimler Brady, hereby certify this 7th day of March, 2006, that the

foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S**

**MOTION TO DISMISS** was electronically filed with U.S. District Court District of Delaware

via CM/ECF (Official Court Electronic Document Filing System) which will send notification of

such filing that the document is available for viewing and downloading via CM/ECF to the

following counsel of record:

> Jeffrey S. Goddess, Esquire (No. 630)
> Rosenthal, Monhait, Gross & Goddess
> Mellon Bank Center, Suite 1401
> P.O. Box 1070
> Wilmington, Delaware 19899-1070

> *Sarah E. DiLuzio (4085) for*
> Jennifer Gimler Brady  (No. 2874)
> Hercules Plaza – Sixth Floor
> 1313 North Market Street
> Wilmington, DE  19801
> (302) 984-6042 (Telephone)
> (302) 658-1192 (Facsimile)
> jbrady@potteranderson.com (Email)