IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM L. HICKEY,  
    on behalf of himself  
    and all others similarly  
    situated,

    Plaintiff,

    v.  :  Civil Action No.: 05-735-JJF

VERIZON COMMUNICATIONS INC.,  
    a Delaware Corporation,

    Defendant.

---

Kevin Gross, Esquire of ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A., Wilmington, Delaware.
Attorney for Plaintiff.

Jennifer Gimler Brady, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.
<u>Of Counsel:</u> Jeffrey G. Huvelle, Esquire, David H. Remes, Esquire, Elizabeth R. Jungman, Esquire of COVINGTON & BURLING, Washington, D.C..
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

March 24, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Dismiss (D.I. 12). For the reasons discussed, the Motion will be granted.

## BACKGROUND

Plaintiff worked for Defendant for 26 years before retiring early at age 53. Defendant offers its employees an early retirement benefit plan and a Medicare-eligible retiree benefit plan. Plaintiff was covered by the early retirement benefit plan until he became Medicare-eligible at age 65. At that time, he was automatically transferred to coverage under Defendant's Medicare-eligible benefit plan. Under the terms of this plan, he selected the HMO coverage option, one of four choices Defendant offers its Medicare-eligible retirees. Plaintiff now contends that his coverage under the Medicare-eligible retiree plan is "inferior" to the coverage he received under the early retirement plan in violation of the Age Discrimination in Employment Act ("ADEA"). (D.I. 10 at 8; D.I. 15 at 4.)

## DISCUSSION

I. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the

1

complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991)(citations omitted).

## II. Discussion

Plaintiff contends that he is being denied benefits under his health-care benefit package because it "discriminates against Medicare eligible retirees in violation of the ADEA." (D.I. 10 at 8; D.I. 15 at 4.) Specifically, Plaintiff argues that Defendant's health benefit plan should be redesigned to give both early retirees and Medicare-eligible retirees similar types

of benefits. Despite Plaintiff's contentions that the difference in the two plans is impermissibly based on age, in violation of the ADEA, he filed his claim under the Employment Retirement Security Act of 1974 ("ERISA"). In response, Defendant contends that the section of ERISA under which Plaintiff filed his claim provides relief only for plaintiffs seeking to enforce benefits to which they are entitled under the terms of their plans, and not for plaintiffs seeking additional benefits outside the scope of their plan as drafted.

The section of ERISA under which Plaintiff brings his claim provides:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The Court concludes that Plaintiff's complaint does not state a claim under this section.

Plaintiff offers several cases in support of his argument; however, in none of these cases did the court conclude that, based on ERISA, a plaintiff was entitled to benefits that were beyond the scope of the terms of his plan. ERISA has been successfully used by plaintiffs seeking to enforce benefits due under the terms of their existing plan. Vizcaino v. Microsoft Corp., 120 F.3d 1006 (9th Cir. 1997). ERISA has also been

3

successfully used to assert that a later plan amendment resulted in the denial of benefits due under the plaintiffs' original plan terms, and also that a retroactive amendment itself can violate ERISA. Johnson v. Allsteel, Inc., 259 F.3d 885 (7th Cir. 2001); Keifer v. Ceridian Corp., 976 F.Supp. 829 (D. Minn. 1997). Plaintiff cites additional case law that is similarly inapplicable and unprecedential. The Court concludes that none of these scenarios applies to the instant case. Plaintiff does cite the Third Circuit's decision in Erie County Retirees Assoc. v. County of Erie, 220 F.3d 193, 216 (3d Cir. 2000), in which the Court acknowledged that the ADEA applies "when an employer makes an age-based distinction in benefits for retirees." However, Plaintiff did not file his claim under the ADEA, but rather ERISA and as such, the Court concludes that he has failed to state a claim for which relief can be granted.

## CONCLUSION

For the reasons discussed, the Court concludes that Plaintiff's Amended Complaint does not state a claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Therefore, the Court will grant Defendant's request to have Plaintiff's Amended Complaint dismissed.

An appropriate Order will be entered.